ELDRA I. CORBIN, complainant,

*v.*

JAMES E. MATHEWS, defendant.

[Decided March 13th, 1940.]

*Mr. Horace S. Bellfatto,* for the complainant.

*Mr. Samuel Denson,* for the defendant.

LEWIS, V. C.

This suit is before the court on a motion to strike the answer and counter-claim on the ground that they are sham, frivolous and false in fact. The suit is brought by complainant, the former wife of defendant, for an accounting to enforce a separation agreement entered into between the parties on the 31st day of August, 1937. The relevant portion of this agreement reads as follows:

"The said husband shall during the joint lives of himself and the said wife, pay to her, the said wife, the sum of $15.00 per week as her separate estate, to be paid on Monday of each and every week hereafter."

The answer alleges that a decree of divorce entered in the State of Nevada on the 20th day of November, 1937, has been substituted for the separation agreement and that a subsequent remarriage by complainant nullifies any further obligations under the agreement. It is further alleged that the agreement was induced by fraud in that complainant concealed from defendant her then intention of obtaining a divorce and re-marrying. The counter-claim makes these same allegations as the basis for a prayer for cancellation of the agreement.

Almost all the important facts are conceded by the affidavit submitted on the motion. The parties had actually been separated for some time when the agreement was entered into so that there was no reason why they could not enter into a valid agreement for the maintenance of the wife. Soon after the signing of the agreement, complainant went to Nevada and there instituted a suit for divorce. The husband provided for the maintenance of the wife while the suit was pending and himself appeared by counsel in a Nevada court. A decree was entered reciting among other things, the defendant's appearance by counsel. The decree further provides that the agreement entered into between the parties on the 31st day of August, 1937, a copy of it being attached to the decree, "* * * be and the same is hereby ratified and adopted by the court and by reference made a part of this decree to the same extent and with the same force and effect as if set out at length herein; and the parties be and they hereby are ordered and directed to comply therewith and to execute the terms thereof."

A few months after the decree was entered, complainant remarried. Defendant continued to make payments for some time at the rate set forth in the agreement, but ceased doing so after, he says, he discovered the remarriage of complainant.

It is the contention of defendant that the agreement ceased to be operative upon the entry of the divorce decree because

the agreement was completely merged in the decree. Defendant also asserts that at the time the agreement was entered into, complainant fraudulently concealed from him the fact that she then intended to secure a divorce and re-marry. It appears from defendant's own affidavit that part of this allegation is untrue, since he himself says:

"Although I did know that the complainant intended to divorce me prior to the execution of the separation agreement, I never knew of her intention to divorce and re-marry in the quick succession of events, as appears from the affidavit of my daughter."

As to complainant's then intention to re-marry, the affidavits do not furnish an assertion even of any basis for its truth. Complainant herself expressly denies that she then had any such intention. The daughter of the parties in her affidavit states that at the time the agreement was made complainant told her that she had no intention of re-marrying. This, of course, falls far short of proving that the statement by the complainant was false. I am constrained therefore to find that the agreement was not induced by any fraudulent representations by the complainant.

The remaining contention of defendant that there was such a merger of the agreement in the decree as to make the agreement as such unenforceable is equally unsound. The decree itself reads to the contrary. Expressly ratified, the agreement ordered and directed the parties to comply therewith and execute the terms thereof. The entry of this decree was participated in by defendant's counsel. If defendant had intended to vary the terms of the agreement which expressly provided for payment during the joint lives of the parties so as to terminate payment upon remarriage after the divorce or upon the entry of the divorce decree alone, such provision could easily have been incorporated in the agreement. Still more, defendant could have had appropriate provisions therefore made in the divorce decree. Defendant is an intelligent man and when he participated in the divorce suit must have presumed to have known that there was at least a possibility of his wife's re-marriage. He had ample opportunity through his counsel to protect his interests.

In *Buttlar* v. *Buttlar, 71 N. J. Eq. 671,* it was held that a separation agreement by the husband to make payments to his wife was not affected by the subsequent securing of a divorce by the wife.

In the case of *Calame* v. *Calame, 25 N. J. Eq. 548,* the court says (at *p. 554*) :

"It was within the competency of equity to enforce as a part of the decree of divorce, the agreement made in lieu of alimony between the complainant and the defendant."

The only conditions are that the agreement be proper and suitable. This appears to be so in the matter now before this court.

Principles here enunciated are also set forth in *Halstead* v. *Halstead, 74 N. J. Eq. 596.*

The motion to strike the answer and counter-claim will be granted.